FILED
 2015 Sep-17 PM 01:18
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **BEULAH BESTEDER,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | )   Civil Action No._____<br>) |
| **CHATHAM ENTERPRISES,**<br>**L.L.C.,** an Alabama domestic<br>limited liability company, | )<br>)<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, BEULAH BESTEDER, through undersigned counsel, hereby files this Complaint and sues CHATHAM ENTERPRISES, L.L.C., an Alabama domestic limited liability company, for injunctive relief, attorneys' fees, litigation expenses and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA"), and alleges:

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2.      Venue is proper in the Northern District of Alabama pursuant to 28

U.S.C § 1391(b) in that all events giving rise to this lawsuit occurred in this District, specifically Tuscaloosa County.

3. At the time of Plaintiff's visits to Kangaroo Express #3725, prior to instituting the instant action, BEULAH BESTEDER (hereinafter referred to as "BESTEDER" or "PLAINTIFF") was a resident of the State of Alabama, suffered from what constitutes a "qualified disability" under the ADA, and used a wheelchair for mobility. Since having a severe stroke in 2012, BESTEDER has suffered from hemiparesis on the left side of her body. BESTEDER is bound to a wheelchair as her condition absolutely inhibits the major life activity of walking and substantially limits her in the exercise of normal bodily functions. Prior to filing this lawsuit, BESTEDER personally visited Kangaroo Express #3725 located at 3850 UniversityBoulevard, East, Tuscaloosa, Alabama, but was denied full and equal access to, and full and equal enjoyment of, the facilities within and about the Kangaroo Express #3725, which is the subject of this lawsuit.

4. Defendant, CHATHAM ENTERPRISES, L.L.C., an Alabama domestic limited liability company, is authorized to conduct, and is conducting, business within the State of Alabama. Upon information and belief, Defendant CHATHAM ENTERPRISES, L.L.C., (herein elsewhere referred to as "DEFENDANT") is the owner and/or operator of the facility, which is the subject of this action, the filing station and convenience store known as Kangaroo Express

#3725 located at 3850 University Boulevard, East, Tuscaloosa, Alabama. As such, CHATHAM ENTERPRISES, L.L.C., maintains control over the subject location and at all times relevant hereto participated in the design, construction and/or decisions regarding any subsequent necessary and/or required modifications of same.

5. All events giving rise to this lawsuit occurred in the State of Alabama. Venue is proper in this Court as the premises are located in Tuscaloosa, Tuscaloosa County in the Northern District, Western Division.

## COUNT I – VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.*, wherein commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508(a).

7. As a result of the enactment of the ADA on or about July 26, 1990, and the subsequent effective date of this same Act on or about January 26, 1992, Defendant's violations of this Act as alleged herein by BESTEDER are intentional violations of Title III of the ADA and intentional acts of discrimination against BESTEDER.

8. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the facility

where Kangaroo Express #3725 is located at 3850 University Boulevard, East, Tuscaloosa, Alabama is a place of public accommodation; to wit: a filling station and convenience store, which provides gasoline, food, beverages, and other filling station and convenience store-related merchandise and services to the public.

9. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the building, parking facilities, and/or facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

10. Defendant has discriminated, and continues to discriminate, against BESTEDER, and others who are similarly situated, by denying equal access to, and full sand equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at Kangaroo Express #3725 located at the subject facility owned, controlled, operated and/or maintained by Defendant, CHATHAM ENTERPRISES, L.L.C., in derogation of 42 U.S.C. § 12101 *et seq.*, and as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(a)(iv), where such removal is readily achievable.

11. BESTEDER has been unable to and continues to be unable to enjoy equal access to, and the benefits of equal services at the subject location owned, controlled, operated and/or maintained by Defendant. Prior to the filing of this lawsuit, BESTEDER visited the subject property and was denied full, safe, and equal access to all of the benefits, accommodations and services offered within and about

the subject facility owned, controlled, operated and/or maintained by Defendant, CHATHAM ENTERPRISES, L.L.C.. BESTEDER's access was inhibited by and she personally encountered each of the described barriers to equal access detailed in this Complaint which remain at the subject location in violation of the ADA. Because of the foregoing, BESTEDER has suffered an injury-in-fact in precisely the manner and form that the ADA was enacted to guard against.

12. BESTEDER resides near the area where the subject facility is located and frequently travels to the area of the subject facility.

13. BESTEDER continues to desire and intends to visit the subject Kangaroo Express #3725 in Tuscaloosa, Alabama in the future with the same frequency as she has previously, but continues to be injured in that she is unable to enjoy equal access and continues to be discriminated against due to the barriers to equal access that remain at and about the subject location in violation of the ADA. Absent remedial action by Defendant, BESTEDER will continue to encounter the architectural barriers to equal access described herein and as a result, be discriminated against by Defendant on the basis of her disability. BESTEDER has been discriminated against and continues to have reasonable grounds for believing that she will be discriminated against in the future because of Defendant's continuing deliberate and knowing violations of the ADA. Due to the definiteness of her future plans to visit the subject facility, there exists a genuine threat of imminent future

injury.

14. Prior to filing this complaint, BESTEDER provided written notice, through counsel, to Defendant which identified specific architectural barriers at the subject facility which constitute discriminatory barriers to equal access to BESTEDER and others similarly situated. Despite said notice, Defendant has failed to remove the discriminatory barriers to equal access and violations of the ADA at the subject facility which affect persons bound to wheelchairs. Defendant's failure to remove said barriers to equal access are therefore knowing and intentional violations of Title III of the ADA and knowing and intentional acts of discrimination against BESTEDER.

15. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

16. Defendant's subject facility is in violation of 42 U.S.C. § 12181 *et seq.*, the ADA and 28 C.F.R. § 36.302 *et seq.*, and is discriminating against BESTEDER as a result of *inter alia*, the following specific violations:

### Ramps

    a.    Failure to provide an accessible ramp along an accessible path of travel from the existing parking spaces to the nearest accessible entrance;

### Restrooms

b. Failure to construct and/or modify restrooms for accessibility including, but not limited to, failing to:

i. provide an unobstructed accessible route to the restroom;

ii. provide hardware on the restroom doors that is operable with one hand and does not require tight grasping, pinching, or twisting of the wrist;

iii. construct and/or rearrange walls, doors, toilet and lavatory to increase maneuvering space and proper accessibility for the disabled;

iv. provide a water closet with its centerline no less than 16 inches from the adjacent side wall;

v. provide a rear grab bar at least 36 inches long along the rear wall which extends at least 24 inches on the open side of the water closet;

vi. provide a sidewall grab bar at least 42 inches long along the side wall nearest the water closet;

vii. provide an accessible lavatory with the requisite clear floor space extending underneath so that a person in a wheelchair may reach the faucet;

viii. provide insulated pipes beneath the lavatory;

ix. position the paper towel dispensers with operable partswithin the requisite reach requirement for access to persons bound to wheelchairs; and

**Interior**

      c. Failure to provide at least a 36 inch wide section of the sales counter which is no higher than 36 inches above the floor extending the same depth as the rest of the counter top.

17. There are other current barriers to equal access and violations of the ADA, which affect persons which require wheelchairs for mobility, such as BESTEDER, that exist at the subject facility which have not been specifically identified herein as BESTEDER is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only after a full inspection is performed by BESTEDER or BESTEDER'S representatives can all said violations be identified.

18. To date, the barriers identified herein and other violations of the ADA still exist at the subject facility and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19. Pursuant to the ADA, 42 U.S.C. § 12101 *et seq.*, and 28 C.F.R. § 36.304, Defendant was required to remediate the subject facility, a place of public accommodation, to be accessible to persons with disabilities. To date, Defendant has failed to comply with this mandate.

20. The remediation of barriers and accommodations sought by BESTEDER in this Complaint are readily achievable, technically feasible,

structurally practicable, will not result in a significant loss of marketing and/or sales space, will not cause an undue burden on Defendant, will not alter the fundamental nature of Defendant's business, and will not pose a direct threat to the health or safety of others.

21. BESTEDER has been obligated to retain undersigned counsel for the filing and prosecution of this action. BESTEDER is entitled to have her reasonable attorneys' fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

22. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant BESTEDER injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA and closing the subject facilities until the requisite modifications are completed.

**WHEREFORE**, BESTEDER hereby requests judgment against Defendant and requests the following relief:

A. That the Court declare that the subject property and subject facility owned, operated, leased, controlled and/or administered by Defendant is violative of the ADA;

B. That the Court enter an Order requiring Defendant to alter its facilities to make them accessible to and usable by individuals with disabilities to the full

extent required by Title III of the ADA;

C.   That the Court enter an Order requiring Defendant to cease business operations at the subject facility for such reasonable time so as to allow Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, and undertake and complete corrective procedures;

D.   That the Court award reasonable attorneys' fees, costs, (including expert fees) and litigation expenses, and such other and further relief of suit, to BESTEDER; and

E.   That the Court award such other and further preventive relief as it deems necessary, just and proper.

Dated this the __16TH__ day of __September__, 2015.

**SUTTON FULMER**

_____
John T. Sutton (ASB-1937-U79J)
*Attorney for Plaintiff*
One Chase Corporate Drive
Suite 220
Birmingham, AL 35244
Telephone: (205) 402-2100
Facsimile: (205) 402-2102
+Email: jts@suttonfulmer.com